SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Kate.Rochat@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00184-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSE ONAN BANEGAS-COLINDREZ,** | |
| **Defendant.** | |

The defendant will be before the Court for sentencing after pleading guilty to Possession with Intent to Distribute Fentanyl and Illegal Reentry. The Court should impose a low-end term of imprisonment followed by 4 years of supervised release, and a $100 fee assessment. This recommended sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a) to accomplish the goals of sentencing. It fairly balances the nature, circumstances, and seriousness of the offense with defendant's history and characteristics and the need to protect the public, provide deterrence, and promote respect for the law.

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 1**

I.      FACTUAL AND PROCEDURAL BACKGROUND:

On April 9, 2025, the defendant arranged to sell two ounces of fentanyl for $1,600 to a person he believed was a drug customer. PSR ¶ 19. On April 10, law enforcement surveilled the site of the pre-arranged drug deal. They observed the defendant arrive in a vehicle at the site and executed a traffic stop. *Id.* Inside of the defendant's car, law enforcement found six individually wrapped packages of fentanyl that weighed an approximate total of 58 grams. *Id.*

Later that same day, law enforcement officers also searched the defendant's residence where they located fentanyl hidden in a vent above the bedroom door. PSR ¶ 20. The total weight of these drugs was roughly 58.1 grams. *Id.* Additionally, law enforcement located $1,024 in a lockbox and two digital scales that were covered in residue. *Id.*

After investigating the defendant's identity, Law enforcement agents determined that the defendant was an alien in the United States that was present without lawful status. PSR ¶ 22. They were further able to determine that he had been removed from the country on two prior occasions: once on May 22, 2008, and once on July 2, 2009. PSR ¶ 21.

A.      The Charge and Plea Agreement

On April 15 2026, the defendant, pursuant to a plea agreement, pleaded guilty to a two-count Superseding Information. Count One of the Superseding Information charged the defendant with Possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propenamide (fentanyl), a Schedule II controlled substance; in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(B). Count Two of the superseding information charged the defendant with Illegal Reentry in violation of 8 U.S.C. § 1326(a).

**Government's Sentencing Memorandum**                                    **Page 2**

In exchange, the government agreed to recommend, as a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a), a low-end of the guidelines sentence, to be followed by 4 years of supervised release.

## II.    GUIDELINES AND THE PSR

The parties do not have any outstanding objections to the PSR. As annotated in the PSR, the probation office applied a 2-level reduction to Count One of the Superseding Information for a specific offense characteristic, which results in a total offense level of 17. PSR ¶ 28. This reduction was not contemplated by the parties in their stipulated adjustments; however, the Government concurs that it is applicable.

### A.    Acceptance of Responsibility

USSG § 3E1.1(a) applies when the defendant "clearly demonstrates acceptance of responsibility for his offense." Courts may consider, among other factors, whether the defendant truthfully admitted the conduct comprising the offenses of conviction and relevant conduct, voluntarily terminated or withdrew from criminal conduct, voluntarily paid restitution, voluntarily surrendered to authorities, assisted authorities in the recovery of fruits or instrumentalities of the offense, and the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. USSG § 3E1.1(a) cmt. n.1.

The PSR found that defendant demonstrated an acceptance of responsibility and that he should receive a two-level downward adjustment to his offense level under USSG § 3E1.1(a) PSR ¶ 44. The United States agrees and moves for an additional one-level downward adjustment pursuant to USSG § 3E1.1(b), as anticipated and reflected in in the PSR calculation. PSR ¶ 45.

/ / /

/ / /

**Government's Sentencing Memorandum**                                              **Page 3**

### III.     THE GOVERNMENT'S RECOMMENDED SENTENCE

The Court should impose a low-end of the guidelines term of imprisonment followed by 4 years of supervised release, and a $100 fee assessment. A lesser sentence would not reflect the seriousness of the defendant's decision to sell fentanyl, a deadly drug. It also would not account for the disregard of the law that the defendant's repeated illegal entry into the country evinces. The defendant's criminal actions warrant a custodial sentence that, nevertheless, accounts for the defendant's minimal criminal history.

Balancing these considerations, a low-end term of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553. It appropriately reflects the seriousness of the offense, promotes respect for the law, and ensures adequate deterrence to any future criminal conduct.

### IV.     CONCLUSION

Based on the foregoing, the Court should sentence defendant to: (1) a low end of the guidelines term of imprisonment, (2) a four-year term of supervised release; and (3) a $100 special assessment.

Dated: July 1, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney


*/s/ Kate A. Rochat*
KATE A. ROCHAT, OSB #184324
Assistant United States Attorney

**Government's Sentencing Memorandum**                                      **Page 4**